Next case on our call this morning is agenda number seven, case number 107-807. People of the State of Illinois v. Jonathan Burnett. Mr. O'Toole. May it please the Court, Sean O'Toole on behalf of Jonathan Burnett. The trial court in this case denied Jonathan Burnett's motion to reconsider the sentence at an ex parte hearing. Because this hearing was a critical stage of the proceedings at which Burnett was entitled to representation, the denial of the motion without counsel present constitutes per se reversible error. Mr. Burnett asked that this Court remand the case for a new hearing on his motion to reconsider sentence at which he will be entitled to the right to counsel. It appears, Mr. O'Toole, that the State agreed initially, right, with the proposition that it was a critical stage of the proceedings, right? Correct, Your Honor. In the appellate court, the State conceded the issue that the motion to reconsider sentence is indeed a critical stage. But that is no longer the case? They've changed their position now. I've argued that that should be, the issue should be forfeited on their behalf. But in any event, and I'd quote their reasoning from the appellate court when they said the motion to reconsider sentence and the hearing on that motion is, quote, is considered a critical stage because of the possibility that a defendant without the assistance of counsel might inadvertently waive issues by not properly filing a motion to reconsider sentence. Yeah, I understand your waiver argument, but you could understand how the Court's in a tough position to agree that something's a critical stage of the proceedings. And I'm not saying how we stand on that, but if we come out that we don't agree. So would you address the Rule 604, 605 argument? Sure. Sure. Well, the State's primary argument is that the motion is not a critical stage because the Supreme Court, this Court's rules indicate that in admonishing the defendant after a guilty plea, he is told that he's entitled to an attorney. While admonishing a defendant as to the motion to reconsider sentence, he is not told that he's entitled to the right to an attorney. However, the defendant maintains that this Court's rules should not be definitive as to what is a critical stage because the defendant is arguing that what constitutes a critical stage is derived from the Constitution, not this Court's rules. In this instance, the defendant was represented by counsel. He was represented all throughout trial. His counsel filed a motion to reconsider sentence. The Court set that motion for a hearing. At the first hearing date, counsel did not appear. Counsel set it for a second hearing date. He noted that counsel was absent again. The assistant State's attorney was present. The defendant was not present either. The Court said he was in jail. And he was not called to court. The Court said since defense counsel hasn't been here the last couple of times, I'm going to go ahead and deny the motion. So it was an ex parte denial of the motion to reconsider sentence. If the attorney had been present, would the Court have had to afford him the opportunity to make argument? I'd argue that he would have the right to make argument. He would or would not? He would. He would have that right to make an argument because the legislature gives the defendant the right to challenge a sentence in the appellate court. I'm sorry, in the sentencing court. Did the motion that was filed contain a memorandum of some sort that argued the defendant's position? The motion didn't contain a memorandum. It had point by point arguments that, A, the sentence was excessive, B, and actually it was a very perfunctory boilerplate motion, which is why I think the defense counsel should have been present to argue that motion. Did the defendant preserve his right to appeal on each of those points? It probably was sufficient to preserve his argument that the motion was, that the sentence was excessive. However, the argument that the Court failed to consider certain mitigating circumstances was left blank. So it wouldn't preserve that. And I think if the defense counsel was given the chance to argue that motion, he could have flushed some of those arguments out at the hearing. And I'd also point out that the motion is a critical stage not only because it preserves issues for review, but for a couple other reasons consistent with the U.S. Supreme Court's holding of MEMPA v. Wray, which is it sets up an adversarial proceeding which has the potential to affect the defendant's sentence. And similar to MEMPA v. Wray, which the Court held when there's a hearing, an adversarial proceeding which has the potential to affect the sentence, even though in that case the sentence was predetermined, arguments made by counsel in MEMPA could have been influential on the parole board, which ultimately set the sentence. That is a defining factor of a critical stage. And here the motion to reconsider is a critical stage because of that, not only because it preserves issues, I think in this Court's opinion, Reed, that implicitly found the motion a critical stage. So we're left with if it's a critical stage, if we agree that it is a critical stage, then we're dealing with error and a harmless error analysis. So it's either no error, right? If we feel it isn't a critical stage, you would agree that it's no error. But if we agree that it is a critical stage, what do we do with the appellate court opinion that really basically said nothing new? I mean, I'm obviously paraphrasing here, but nothing more and nothing new seems to be what I get out of their quote, and therefore how can there be any prejudice if the result would have been the same if the defendant was there or not? Well, where the appellate court went awry was in asking if there was prejudice, because to do so conflicted with decades of United States Supreme Court precedent, holding that absence of counsel at a critical stage cannot be harmless error. In 1961, the court in Hamilton v. Alabama said that when a proceeding occurs, and I quote, without benefit of counsel, this court does not stop to determine whether prejudice resulted. Even in Chapman v. California where the court allowed the state to prove constitutional errors harmless beyond a reasonable doubt, the court pointed out this harmless error standard does not apply to the rights of counsel, the infraction of which can never be harmless. So when counsel is absent from a critical stage, that is a Sixth Amendment violation. Courts do not go further and search either for prejudice under the Strickland standard or allow the state to prove that error harmless beyond a reasonable doubt. Under your interpretation of law, there is no harmless error review if, indeed, it's a critical stage. Right, because this was a complete deprivation of counsel. Counsel was absent from the hearing. It was ex parte, and the court has always, the U.S. Supreme Court has always held, whether it be Powell v. Alabama in the 30s, Hamilton v. Alabama in 1961, Memphis v. Ray in 67, even Penson v. Ohio discussing the rights of counsel on appeal, has always affirmed that when counsel is absent from a critical stage, there's no prejudice showing required by the defendant, and there's no harmless error argument that the state can make. I'd also point out that this was a critical stage for a third reason, which is that this is the final judgment in this case, and the denial of the motion in counsel's absence, therefore, puts defendant's appeal rights at stake, because it triggers the 30-day deadline for which the defendant has the right to file a notice of appeal. And if this is an ex parte hearing, there's no guarantee that the defense will know that the motion has been indicted, that final judgment has been rendered in the case, and the defendant might just be sitting in jail waiting to hear about this motion to reconsider from his attorney, but because it was denied in their absence, he could lose his right to appeal. How does the fact that the attorney prepared this motion factor into this? I mean, this defendant wasn't truly pro se, or maybe you're espousing that he was pro se. I don't know. Explain that. Well, part of the problem is we don't know why the trial court proceeded ex parte and didn't find out why the defense counsel wasn't present, but I think we can assume he was still representing the defendant at that time, because he filed the motion, set it for a hearing. We don't know why he wasn't at the first hearing date, but it was set for a second hearing date at which he didn't appear also. So I'm not saying the defendant was pro se. I am saying that there was an adversarial proceeding on the motion, which had the potential to affect the defendant's sentence, which had the potential to preserve the defendant's rights for appeal, and which had the potential to affect the defendant's right to appeal overall, at which counsel was absent. So that, by any standard, is a complete deprivation of counsel. In all the U.S. Supreme Court cases dealing with the complete deprivation of counsel, the court looks at the individual proceeding. And if, for instance, in Powell, if it was the arraignment, even though counsel later came on and represented the defendant, there was still a complete deprivation of counsel at that proceeding. Is there another case anywhere near this, anywhere? The only case directly on point is a Third Circuit case called Tully v. requiring a post-sentencing motion to preserve issues for review, and that court did find it to be a critical stage and reversed for a new hearing. All of the appellate courts that have addressed motions to reconsider since this court's opinion and read, and that includes the first, second, third, and fourth district appellate courts, have all found the motion to reconsider sentence and the hearing on that motion is a critical stage of the proceedings. Not all, including the case below, which held this critical stage, not all have found per se reversible error because there were different circumstances. Sometimes there was a standby counsel present, which altered the analysis because there wasn't a complete deprivation. But in this case, once the court set that hearing and set up that adversarial proceeding at which that motion was going to be ruled upon, that required the presence of counsel. Mr. O'Toole, you used the phrase complete deprivation. Is it complete deprivation when the defendant has counsel, counsel files a motion, counsel doesn't show up, they set notice out again, counsel doesn't show up again? And is there anything in the record in this case that shows that counsel said, after this was entered, filed a motion to reconsider because there were exigent circumstances, why he couldn't show up, or she, I don't know who it was. No, counsel never brought the motion to reconsider up again after this denial. But, yes, it is a complete deprivation at the hearing because it was ex parte. And if you look at all the United States Supreme Court cases dealing with complete denial of counsel, whether the defendant had counsel prior to the proceeding in question or after, for instance, in the U.S. v. Wade where the post-indictment pretrial lineup was found to be conducted with deprivation of counsel, the surrounding representation isn't at issue. It's the proceeding in question. And when that proceeding in question is ex parte, that has to be considered a complete deprivation of counsel. But, no, counsel did not bring up the motion to reconsider again. So what should the judge have done, set it down for another hearing? Well, I understand the judge was impatient and probably didn't want to set it down for another hearing, but the judge had options. He could have sought to contact counsel. We don't know if counsel had emergencies or what. He could have at least brought the defendant in and seen if the defendant wanted the appointment of new counsel. There are a variety of safeguards that the trial court could have done, but for him to hold a hearing and deny the motion ex parte was not one of those options. Does your argument depend upon this being deemed a critical stage and complete deprivation of counsel? And if so, following up on Justice Kilbride's question, how can you say this is complete deprivation? If the attorney, in fact, filed the motion, which you indicated might have been boilerplate, but had nothing else to present other than the motion, why wouldn't we look at this as a Strickland violation? Well, Strickland can apply to proceedings where the defendant is not represented. The court does not stop to determine prejudice when there's a hearing at which the defendant is not represented at all and there's a complete deprivation. So your position does depend upon our finding critical stage and complete deprivation. Yes. And my next question was why wouldn't we consider this, that there's no complete deprivation, if the motion, in fact, raises everything that could possibly have been raised and there's nothing new? Well, because representation was critical for other reasons other than preserving the issues that were preserved in the motion. Counsel needed to be present to ensure that the court's findings were correct, at least to be there to object. Counsel needed to be present because final judgment was being rendered on the case. And as MEMPA held, when the defendant's appeal rights are at stake because of a deadline that is triggered at the hearing, the absence of counsel must be considered a per se reversible error. But this defendant did get his appeal. He did ultimately, but I'm asking this court to set a rule generally for all defendants who may be in danger of losing their rights to appeal. As well as, you know, the legislature not only makes the motion to reconsider an obligation on defendants to preserve issues, but it also gives the defendant the right to have an immediate challenge to a sentence in the trial court. And part of that right is setting the motion to reconsider on the court's calendar in a reasonable amount of time for a determination. And the attorney's presence at that hearing makes that a critical stage. The need for the attorney to argue that motion, as the MEMPA court said, where adversarial proceedings are held which may affect the sentence, quote, the necessity for the aid of counsel in marshalling the facts, introducing evidence of mitigating circumstances, and in general, aiding and assisting the defendant to present his case as the sentence is apparent. So it's not just the following of the motion, which does serve the function of preserving issues for appeal, which is a critical factor, but it's also being at the hearing, presenting the motion. If there are no arguments to be made, at least ensuring that the motion is, that the court's ruling is predicated on proper factual scenarios, proper, and be present to make objections, and then finally to be present at the time a final judgment is rendered so that court, so that counsel can file a timely notice of appeal. Did the court, as the record showed, did the court in this case make additional findings on the motion, or did the court just deny the motion? The court denied the motion without making findings. And I would note that in Reed, this court, part of the reason this court made the motion to reconsider sentence obligatory upon a defendant who wants to raise sentencing issues on appeal is because the court wanted not only a judicial economy, but to have issues litigated below so that this court would have the trial court's reasoned judgment on those issues so that when they're brought up before the appellate courts, they would have the benefit of that judgment. And I think a perfunctory, to make the motion to reconsider a perfunctory, you know, hearing or motion at which the defendant's not even entitled to a hearing, at which it's ruled ex parte in this fashion, conflicts with that, with this court's decision in Reed, which asked for that reasoned judgment. If this court has no further questions, I'll reserve the remainder of my time for rebuttal. May it please the court. My name is Michelle Katz. I'm a Cook County Assistant State's Attorney appearing on behalf of the people of the state of Illinois. In this case, the defendant was subject to mandatory class X sentencing, having committed six felonies over the course of nearly two decades. And at the point of sentencing, the court had before it a thorough PSI, which informed the court of the defendant's 17-year struggle with heroin and cocaine addiction, problems that he had had when he was a minor, as well as the court had the arguments of counsel, and counsel urged the imposition of a minimum sentence to be based on the fact that the home that was burglarized in this case was abandoned, based on the fact that the defendant had problems, based on the fact that the defendant had strong family support and had not gotten into any trouble during the pendency of this case. And after considering that PSI and the arguments of counsel, the trial court imposed a sentence just four years above the concurrent sentence on the possession of burglary tool charge. And after doing that, the court in strict compliance with Supreme Court Rule 605A, admonished the defendant, and I'm going to limit it to what's pertinent for this case, that in the event that the defendant wished to challenge his sentence, that he needed to file a timely motion to reconsider sentence within 30 days, and that he needed to file a timely motion to reconsider sentence, a timely notice of appeal within 30 days, both of which were done in this case. Defense counsel urged in his written motion to reconsider sentence that the sentence that was imposed on the defendant was excessive, and that the sentence did not comply with the Illinois Constitution's requirement that a sentence be imposed with regard to the defendant, among other things that were in there. And that motion was then before the trial court. It was continued because there was a request that it be continued for a week for counsel to have a hearing on it. The following week counsel did not appear in court. The court continued the motion, and when counsel did not come back and rule on that motion, noted that there was a claim that the defendant's sentence was excessive. The court denied the motion and within the necessary time defense counsel appealed that ruling. The First District Appellate Court affirmed the defendant's sentence, and there were numerous sentencing issues that were raised below. All but one have been abandoned. Finding that the defendant was not, that the trial court did not err in refusing to order a psychological and physical study, the trial counsel was not ineffective for failing to request that that study be conducted. The trial counsel was not ineffective for arguing at the sentencing hearing in the manner in which he did and by not referring to some of the things that were contained in the PSI, including the defendant's drug history, learning disabilities that he had suffered as a child. The appellate court rejected the defendant's claim that defense counsel rendered ineffective assistance of counsel in the handling of the motion to reconsider sentence, both in terms of what he deemed to be an incomplete motion to reconsider sentence, as well as where counsel was not present at the time of the court's decision. The trial court's ruling and the appellate court also found that the defendant was not denied counsel where the court ruled at a critical stage of the proceedings in his absence. The sole issue before this court is whether or not the trial court's ruling on that motion to reconsider sentence, which was made in the absence of counsel, constitutes a structural error under chronic. In order for a defendant to, for an error to defy a harmless error analysis under chronic, a defendant must show two things. First, that there is a complete deprivation of counsel. Secondly, that the deprivation of counsel occurs at a critical stage of the proceedings. In this case, he is unable to establish either. Justices Carmeier and Kilbride, in response to your question about whether or not there was a complete deprivation of counsel in this case, the state firmly takes the position, as it did below, in accordance with the appellate court's finding that there was not a complete deprivation of counsel where what this court's holding in People v. Reed said was complied with. That is that defense counsel filed a timely motion to reconsider sentence which had the legal effect of adequately safeguarding the defendant's right to appeal from his sentence. And it's significant in this regard that the defendant concedes the legal sufficiency of that motion to reconsider sentence. He just told you that that motion itself was sufficient for him to preserve his sentencing claims. And specifically, the language of the appellate court is important here, because the appellate court, I'm going to quote it, specifically said, while Burnett complains that the motion here lacks sufficient detail to preserve meritorious issues, he does not specify any new or additional issues he would have raised on this appeal had counsel better prepared the motion. Burnett has not shown inadequate preparation of the written motion, had any prejudicial effect. We find the written motion did not show ineffective assistance of counsel. In light of defendant coming before this court, abandoning any claim as to the sufficiency of that motion, it's the people's position that that motion is legally sufficient to have done exactly what this court required in People v. Reed. And therefore, on that basis alone, this court can affirm the appellate court's holding in this case. Defense counsel's attempt to say that it's a complete deprivation of counsel because it was made ex parte is not sufficient to overcome, first of all, a body of case law that deals with ex parte communications, and whether or not that's automatically going to be deemed a reversible error, and I'm referring here to the people, to the court, this court's holdings in People v. Kleiner and People v. Childs, both of which did involve critical stages of the proceedings. It was jury deliberations, at which point the trial court did, in fact, engage in ex parte communications in the absence of counsel. In his brief defendant attempts to say that those cases only dealt with the defendant's personal right to be present, but if you look at both of those cases, they talk about and reference the Sixth Amendment and a defendant's right to counsel. And when those ex parte communications took place, counsel was not present. Kleiner's capital cases, this court is well aware. And in both of those situations, the court, this court held that those cases had to be subject to a harmless error analysis. And in both of those cases, the defendant's right to counsel was not present. And in both of those cases, the court held that those cases had to be subject to a harmless error analysis. Therefore, defendants labeling this an ex parte communication doesn't get around the fact that there was not a complete deprivation of counsel. The second piece of this, aside from this court's ability to affirm solely on that basis, the second part of the inquiry has to do with what constitutes a critical stage of the proceedings. And yes, Your Honor, Justice Thomas, there was a concession that a hearing on a motion to reconsider sentence is a critical stage of the proceedings. There was not a concession that a hearing on a motion to reconsider sentence is standing on its own a critical stage of the proceedings. But there was a concession, and that concession was improperly made. And based on this court's holding in Artis, it's the State's position that as the apoly below, that this claim is properly raised. But even going beyond Artis, it's very difficult to make a decision on a motion to reconsider sentence. And it's very difficult to see where this court has never specifically ruled on this issue, and where this issue is inextricably linked to whether or not the defendant's defense counsel's absence at the time of a court's ruling on a motion to reconsider sentence can be construed as a critical stage of the proceedings, how this court could not in the first instance consider what the legal effect really was of this court's holding in People v. Reed. Did People v. Reed have a legal obligation to consider the court's holding in People v. Reed's requirement that a defendant file a motion to reconsider sentence in order to preserve a sentencing issue on appeal somehow transform a motion to reconsider sentence itself into a critical stage of the proceedings? And in order to answer that question, I believe that it's necessary for this court to consider the difference between a plea and a pleading defendant. Because the rules of this court, Supreme Court Rules 605A, 605B, and 605C, differentiate the way in which a defendant is treated. A defendant who goes to trial is not, by the Supreme Court rule, provided with the assistance of counsel at a motion, in marked contrast to a defendant who either on a negotiated plea or an appeal, is not treated as a defendant, but on an open plea, is provided with the assistance of counsel at a motion. And there's a good reason for the distinction that this court draws in making those Supreme Court rules, and that is because a defendant who, after trial, fails to file a motion to reconsider sentence, while it is true that he is subject to a state rule of forfeiture, he is not precluded from raising sentencing issues. He's not precluded from filing a notice of appeal. He's not precluded from raising a sentencing issue because he remains subject to establishing plain error under Rule 615 and gaining, thereby, access to the court to review any claims of sentencing improprieties that may have transpired. In contrast, a defendant who pleads guilty has to, there's then a distinction between one who pleads guilty and it's a negotiated plea and one where it's an open plea, but this court has said, and I'm referring you now to both Wallace and Wilk, that the filing of either the motion to withdraw the guilty plea or the motion to reconsider sentence is a condition precedent to him taking an appeal from either the plea or the sentencing hearing, meaning that the pleading the defendant cannot avail himself of the protection of the plain error rule because the proper remedy for an appellate court presented with a defendant who pleads guilty, failing to file a motion to reconsider sentence, is a dismissal of his appeal. The problem is that the first case that considered this issue, and it all goes back to the Illinois Appellate Court's case of People v. Brasso, was a plea. It was a pleading defendant. To be perfectly clear, what I'm saying to this court is, yes, for a pleading defendant, it is a critical stage of the proceedings and he is entitled to the assistance of counsel because of what he can lose. It's the same thing with the case of Tully v. Shue, the out-of-court, out-of-state court case relied on by defense counsel, that is a plea. That is an entirely different situation from the one at bar here. Going beyond the difference between a pleading and a non-pleading defendant, also in terms of looking at this court's rules, and specifically Supreme Court Rule 605A, we have two cases, one of which is a plea. People v. Henderson and People v. Medina. In both of those cases, the court, this court was faced with the question of whether or not the failure to strictly comply with the requirements of that rule, in the case of Medina, the failure to even mention to the defendant that he had to file a motion to reconsider sentence, was subject to a harmless error analysis. In this court, very steadfastly declined to file a motion to reconsider sentence. To make any such ruling saying a defendant remains free under the plain error doctrine to bring his sentencing claim. And even alluded pretty strongly to the fact that even if that sentencing claim were to fall outside to be divorced the record, that it would still be something, there would be a basis there for the court to rule upon. In this situation, there was no complete deprivation of counsel, and this court should further find that a motion to reconsider sentence is not a critical stage. And we reach this issue also because, as defense counsel said to you, he's looking for a rule for all defendants. In this particular situation, where defense counsel did what was necessary under the law, even if this court were to find that a motion to reconsider sentence is a critical stage of the proceedings, entitling a defendant to the assistance of counsel, there wouldn't be a change. But the concern is for cases outstanding in Illinois where defendants have filed pro se motions to reconsider sentence. And have not received the assistance of counsel. Going beyond the argument that I've made so far, turning to the very limited question of whether or not the court's ruling on a motion to reconsider sentence is in itself a freestanding critical stage of the proceedings, the people would point this court to the case relied on by the appellate court, Roe v. Flores-Ortega. And Roe v. Flores-Ortega clearly states that a defense attorney who fails to file a notice of appeal, which is a substantial right, the failure to do that in and of itself does not constitute a structural error. That there's still got to be a strickland analysis applied. It's not subject to a chronic analysis. Taking Roe v. Flores-Ortega, applying it in the context of a motion to reconsider sentence, it would mean this. It would mean that at most, again, assuming that this court finds that the motion itself, the motion to reconsider is a critical stage, the counsel would have to consult with the defendant. And what was done or wasn't done in terms of filing the actual motion to reconsider sentence, the counsel would have to consult with the defendant and say, okay, this motion to reconsider sentence would be subject to a strickland analysis. It makes absolutely no sense to say that a defendant who is deprived of a motion to reconsider sentence gets a strickland analysis and has to make a showing of prejudice, but a defendant, as in this case, who has an attorney, who effectively represents him, who files a motion, the substance of which is not contested to be legally inadequate, he is not required to make a showing of prejudice. That is a position that does not make any sense. There is no right to a hearing. Your Honor, you asked whether or not the court, if the attorney was there, would have to make an argument. It's the people's position that the court would not. That there is no entitlement to make an argument in support. The court could say, I've considered the motion, I'm denying it. And the basis for that argument, as cited in our brief, is the fact that this court has held that a defendant doesn't have a right to oral argument on an appeal, and also that a defendant does not have a right to make an argument in support of a motion for a directed verdict. Finally, with respect to this issue about the notice of appeal, somehow being that the notice of appeal period is triggered by the court's ruling on the motion to reconsider sentence, and that potentially there could be a defendant who doesn't know, who doesn't get notice, so he's not able to file an effective notice of appeal, it's dispelled by the very facts of this case, it's obvious that notice was given to the attorney, who I should mention never came before the court and contested the fact that this was done in his absence. But putting that aside, the attorney was given the notice that was necessary, and this court's rule 605A, which was complied with again, requires that the court specifically admonish the defendant about the necessity of filing a notice of appeal within 30 days on the ruling for the motion to reconsider sentence. And furthermore, to cover the outside chance that a defendant is not timely notified of the court's ruling on a motion to reconsider sentence, 606C provides for a six-month period of time during which the defendant can file a late notice of appeal, and I'd suggest to this court that if there's ever going to be good grounds to excuse a late filing, this would be that period of time. And those stated in our brief, we would respectfully request that this court affirm the defendant's sentence. Thank you. Your Honors, I'd first like to address the State's argument that this court has found absence of counsel and ex parte hearings in the State's analysis, and the State cites Childs and Kleiner. But if this court reads the language in Childs, it's clear that this court dealt only with the defendant's personal rights of presence, a due process right which is governed by harmless error analysis and requires a showing of prejudice. Childs never once mentions the Sixth Amendment, and I find it notable that the State never once mentions the United States Supreme Court cases that do mention the Sixth Amendment. This is a Sixth Amendment case, and the State's relying on a personal presence case in Childs while ignoring the decades of United States Supreme Court cases that filed absence of counsel is per se reversible error. So there's no question that when a Sixth Amendment deprivation case arises, there's no showing of prejudice required because the State can't prove the error harmless, and it's per se reversible error. The State's reference to Roe v. Flores-Ortega, the case where the defense counsel failed to file a notice of appeal is not applicable to this case because the defendant is not arguing that every defendant has a right to file a motion to reconsider. Well, he has the right to file one, but not every counsel is required to file one. If there's no grounds to file a motion to reconsider sentence, of course it's going to be analyzed under Roe v. Flores-Ortega. You can look under the Strickland analysis whether the defendant can show that there were non-frivolous grounds for filing that motion. But it does make sense to argue that, to analyze that under Strickland, while this case under what the State calls chronic, but I'd more accurately call Powell or Hamilton or Memphis, which is that once that hearing is set, then the deprivation of counsel is per se reversible error. It's the same as a motion to quash arrest, a motion to suppress, even a direct appeal. The defendant doesn't have to file one of those motions or doesn't have to pursue a direct appeal, but once he does, he's entitled to counsel. So the State's argument that Strickland has to apply because it applies in Roe v. Flores-Ortega is inconsistent with how this Court in the U.S. Supreme Court has looked at these issues in the past. In the State's argument that because failure to admonish is looked at under a harmless error analysis under Henderson, it somehow follows that the actual deprivation of counsel can also be a harmless error is essentially a non sequitur. And that's proven because this Court has also held that, as the State just conceded, the right to counsel at a guilty plea, post-guilty plea motion is absolute, yet this Court has also held that failure to admonish about that is subject to harmless error. So this Court has also held that failure to admonish is a non sequitur of the critical stage argument. I agree this Court will likely reach the issue, but I ask this Court to strongly consider the fact that the State conceded this below in analyzing the strength of the State's argument on appeal. The State conceded that the hearing is a critical stage below, and this position was strongly supported by not only Reid, but Memph of Erie and the characteristics of the hearing on the motion to reconsider sentence. And it's undisputed that under decades of Supreme Court rule, U.S. Supreme Court precedent, that complete deprivation of counsel from that hearing must be per se reversible error. Counselor, do you agree that what the State's statement that whether to allow oral argument from counsel on the motion to be reversible error is discretionary with the trial judge? I'd ask this Court to require that the defense counsel, if he's given a hearing, if he requests a hearing, allow to present argument on that hearing, as the Memph court held defense counsel's presence to marshal the facts and present argument is essential at an adversarial proceeding, which can affect the defendant's sentence. So, and if you look at Section 581C, which I guess is now under 5-4.550D, that's essentially the same thing. Which grants the defendant the right to challenge a sentence in the trial court. It allows the defendant to put the motion on the court's calendar, and that signifies that the defendant is entitled to a hearing, and along with that hearing should be the right to present argument. But again, even if it's not, even if there is no right to argue, it's still a critical stage for the other reasons, which is just having defense counsel present at final judgment is a defining characteristic of a critical stage under MEMPA. If this Court has no other questions, I'd ask that you'd remand for a new hearing on Mr. Burnett's post-sentencing motion. Case number 107807 will be taken under advisement as agenda number two.